# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JUSTIN ALEXANDER,** | Case No. 3:19 CV 714 |
| Plaintiff, | Judge James G. Carr |
| v. | Magistrate Judge James R. Knepp II |
| **C/O DUNLAP,** *et al.*, | |
| Defendants. | **REPORT AND RECOMMENDATION** |

## INTRODUCTION

This is a case brought under 42 U.S.C. § 1983 in which *pro se* prisoner Justin Alexander ("Plaintiff") alleges Defendant Correctional Officers Dunlap and Benjamin ("Defendants")[1] of the Allen Correctional Institution ("ACI") acted under color of state law when they used excessive force against Plaintiff in violation of the Eighth and Fourteenth Amendments. (Doc. 1, at 1). Jurisdiction is proper under 28 U.S.C. § 1331. This case is before the undersigned on referral for general pretrial supervision. (Non-document entry dated November 8, 2019). Currently pending

---

1. To date, Plaintiff has not perfected service upon Defendant Dunlap. Plaintiff attempted to serve him via certified mail, but the letter was returned "undeliverable" on November 19, 2019, because Defendant Dunlap was no longer employed at ACI. *See* Doc. 9; Doc. 10, at 1.

In accordance with Federal Civil Rule 4(m), Plaintiff had 90 days after filing his Complaint to properly serve Defendant Benjamin. Fed. R. Civ. P. 4(m). This 90-day period expired June 26, 2019. *See* Doc. 1-14 (envelope showing the Complaint was postmarked March 28, 2019). Under Federal Civil Rule 4(m), the Court shall (either *sua sponte*, or on motion) dismiss the Complaint against Defendant Dunlap, or order that service be made within a specified amount of time. Plaintiff has been on notice of the service defect through Defendant's briefing since at least December 2019 when the Motion to Dismiss was filed. *See* Docs. 10, at 1; 15, at 1; 17, at 1. Since that time, Plaintiff has not shown good cause for failure to properly serve Defendant Dunlap. Fed. R. Civ. P. 4(m). Thus, the undersigned recommends the Court dismiss the Complaint against Defendant Dunlap without prejudice pursuant to Federal Civil Rule 4(m).

before the Court is Defendant Benjamin's[2] Motion to Dismiss (Doc. 10), which Plaintiff opposed (Doc. 13). Plaintiff simultaneously filed a Supplement to Complaint. (Doc. 14). Defendant moved to strike both the opposition and supplement as untimely. (Doc. 15). Plaintiff responded to Defendant's motion (Doc. 16), and Defendant replied (Doc. 17).

For the reasons discussed below, the Court recommends the Motion to Dismiss (Doc. 10) be GRANTED in part and DENIED in part. The Court DENIES Defendant's Motion to Strike (Doc. 15), and construes Plaintiff's Supplement to Complaint (Doc. 14), as a motion for leave to file an amended complaint and DENIES the motion.

### BACKGROUND

In the light most favorable to Plaintiff, the non-moving party, the facts are as follows:

In the morning hours of March 26, 2017, Plaintiff was involved in an altercation with an unidentified ACI staff member in a housing area. (Doc. 1, at 2). Defendants escorted Plaintiff to the infirmary for treatment after spraying him with chemical mace during the altercation. *Id*. After receiving treatment, Plaintiff was taken to a restricted housing unit where he was strip searched and handcuffed. *Id*. Defendants then, without any provocation by Plaintiff, sadistically and maliciously beat Plaintiff about the face and chest with closed fists. *Id*. They knocked Plaintiff to the ground and kicked him about the torso and face for several minutes. *Id*. While doing so, Defendants yelled, "You'll think twice before you touch another officer." *Id*. Defendants then dragged Plaintiff, still handcuffed, to another cell where, sometime later, Plaintiff's cellmate alerted staff to his deteriorating medical condition. *Id*. at 3. Defendants instructed other

---

2. In the Motion to Dismiss (Doc. 10), counsel notes that Defendant Dunlap has not been served. Counsel states that "a request for representation has not been submitted to the Ohio Attorney General's Office" by Defendant Dunlap. *Id*. at n.1. Counsel notes that, should service be perfected, the Attorney General's Office "could be statutorily obligated to defend him." *Id*. Thus, Counsel filed the Motion to Dismiss on Defendant Benjamin's behalf only.

correctional officers not to seek medical treatment for Plaintiff. *Id*. Approximately six hours later, a nurse arrived at the cell and recommended Plaintiff be taken to the emergency room at St. Rita's hospital. *Id*. There, Plaintiff was treated for a concussion and injuries to his left eye, right hip, and lower back. *Id*.

Plaintiff further avers that Defendants interfered with his access to administrative remedies by using verbal threats and denying him access to the required forms. *Id*. at 2. Even so, Plaintiff was able to verbally grieve the case and later obtained the necessary forms. *Id*. Plaintiff initiated an administrative grievance process in May 2017 and actively pursued it through at least October 30, 2018. *See* Doc. 1, at 2; Docs. 1-2, 1-5 through 1-9.

The Complaint (Doc. 1) is file stamped April 1, 2019. (Doc. 1, at 1). The postmark date on the envelope is March 28, 2019. (Doc. 1-14). Plaintiff was transferred from ACI to Madison Correctional Institution in September 2019. *See* Doc. 3.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the non-moving party. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

**DISCUSSION**

Motion to Strike / Motion to Amend

In response to Defendant Benjamin's Motion to Dismiss, Plaintiff filed an opposition (Doc. 13) and simultaneously filed a Supplement to Complaint (Doc. 14). Defendant moved to strike both documents as untimely. (Doc. 15).

On December 20, 2019, Plaintiff requested additional time, until January 14, 2020, to respond to the Motion to Dismiss. (Doc. 12). In a non-document entry dated the same day, the undersigned granted his request. Plaintiff's filed Response (Doc. 13), and Supplement to Complaint (Doc. 14) are postmarked January 21, 2020 – seven days past the deadline. *See* Docs. 13-1, 14-1. Defendant moved to strike these filings as untimely. (Doc. 15). In his Response (Doc. 16), Plaintiff attached an affidavit stating he provided both documents "on/before January 14, 2020 to the prison mail room". *See* Doc. 16-1. Defendant argues the affidavit is not good enough – he points to the January 21, 2020 postmark date to argue Plaintiff's filings were still untimely. (Doc. 17, at 2-3).

Under the prison mailbox rule, Plaintiff's documents are deemed "filed" when he presents them to a prison official for mailing. *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). According to his affidavit (and viewing the facts in the light most favorable to Plaintiff), Plaintiff met the filing deadline. Thus, the undersigned denies the Motion to Strike (Doc. 15).

As for Plaintiff's Supplement to Complaint (Doc. 14), the undersigned construes the document as a motion for leave to file an amended complaint. In the Motion to Strike (Doc. 15), Defendant does not present any arguments that an amendment would cause prejudice or any undue hardship – he only objects on the grounds that the amendment is untimely filed. Generally, "[t]he

4

court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although such motions are commonly granted, a motion to amend a complaint should nevertheless 'be denied if the amendment . . . would be futile.'" *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 633 (6th Cir. 2009) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). Here, Plaintiff's Complaint (Doc. 1) and Supplement to Complaint (Doc. 14), contain nearly identical facts. The Supplement only adds both Defendants' names individually and breaks apart their conduct in separate paragraphs, in contrast to the original Complaint, which identifies them collectively as "Defendants" and alleges the same conduct in a single paragraph. *Compare* Doc. 1, *with* Doc. 14. In other words, the language within the Supplement (Doc. 14) does not add anything new, substantively, to Plaintiff's claims. Thus, it can be reasonably said that the Motion to Dismiss (Doc. 10) adequately addresses the allegations contained within both documents. Allowing an amended complaint would require Defendant Benjamin to refile another motion to dismiss. For these reasons, the undersigned construes Plaintiff's Supplement to Complaint (Doc. 14) as a motion for leave to file an amended complaint and DENIES the motion. !

Motion to Dismiss

In his Motion to Dismiss (Doc. 10), Defendant Benjamin raises four grounds for dismissal. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing: (1) the Complaint improperly pleads "collective acts" amongst multiple defendants and does not assign conduct to an individual Defendant; (2) Plaintiff filed his Complaint outside the two-year statute of limitations; (3) Plaintiff's claims were mooted when he was transferred to another prison facility; and (4) he is entitled to qualified and absolute immunity. The undersigned addresses these grounds in turn.

*Sufficiency of Pleading*

Defendant Benjamin first challenges the adequacy of the pleading language. He argues Plaintiff impermissibly plead "collective acts" where the conduct he alleged cannot be ascribed to an individual defendant. (Doc. 10, at 6) ("A Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (citing *Iqbal*, 556, U.S. at 676). Defendant further argues "naked assertions" and "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim". *Id*. at 5-6 (quoting *Iqbal*, 556 U.S. at 678; *Harden-Bay v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008)).

Here, the undersigned finds the Complaint satisfies the pleading criteria necessary to survive a motion to dismiss under Federal Civil Rule 12(b)(6). It specifically alleges that, on March 26, 2017, Defendants physically assaulted Plaintiff, violating the Eighth and Fourteenth Amendments in the process. (Doc. 1, at 2). The Complaint specifies that Defendants Benjamin and Dunlap repeatedly kicked Plaintiff and beat him with their fists and subsequently denied him access to medical care by ordering other officers not to assist him. *Id*. at 2-3. These assertions are neither "naked" nor "conclusory". The Court can easily track Plaintiff's account of the events which transpired – *both* Defendants participated in the beating and *both* Defendants denied him access to medical care. *See id*. In other words, the Complaint properly alleges, with enough specificity, that both Defendants were personally involved in the deprivation of Plaintiff's constitutional rights. *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under §1983 can be held liable based only on their own unconstitutional behavior."). Thus, the undersigned recommends the Complaint survive dismissal on this ground.

*Statute of Limitations*

To be legally sufficient, a complaint must also be timely filed. Dismissal is appropriate under Rule 12(b)(6) if the "allegations in the complaint affirmatively show that the claim is time-barred." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). 42 U.S.C. § 1983 does not contain a statute of limitations provision. Rather, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008); *see also Owens v. Okure*, 488 U.S. 235, 240–41 (1989). In Ohio, the relevant statute of limitations for § 1983 actions is found in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Beach v. State of Ohio*, 79 F. App'x 754, 756 (6th Cir. 2003)*.* Although the statute of limitations is determined by reference to state law, "[t]he accrual date of a § 1983 action is a question of federal law," and the limitations period begins to run when "plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Wallace v. Kato*, 549 U.S. 384, 391 (2007). In excessive force claims, a cause of action accrues at the time the force is used. *See generally Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (claim of excessive use of force during arrest accrues at time of arrest); *Hodge v. City of Elyria*, 126 F. App'x 222, 225 (6th Cir. 2005) (same).

Here, Plaintiff alleges Defendants assaulted him on March 26, 2017. *See* Doc. 1. Thus, pursuant to a two-year statute of limitations (absent any basis for tolling), he was required to file

7

his complaint before March 26, 2019. As Defendant Benjamin points out, the Complaint is file stamped April 1, 2019, six days after the statute of limitations expired. (Doc. 1, at 1). However, under the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d at 1132. The Sixth Circuit has extended this rule to "civil complaints filed by *pro se* petitioners incarcerated at the time of filing." *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002); *see also Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004) (applying prison mailbox rule in an action filed pursuant to § 1983). The postmark on the envelope containing Plaintiff's Complaint is dated March 28, 2019 – still two days after expiration. (Doc. 1-14).

Even so, the Sixth Circuit has held that the statute of limitations applicable to a prisoner-initiated § 1983 suit tolls while the Plaintiff exhausts his available administrative remedies. *See Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Here, Plaintiff specifically pled that Defendants interfered with his access to the administrative process and that he initiated the administrative grievance process on May 10, 2017 and actively pursued it through at least October 30, 2018. *See* Doc. 1, at 2; Docs. 1-2, 1-5 through 1-9. Thus, through tolling, the statute of limitations extended sufficiently beyond March 26, 2019 to make the Complaint – filed two days later – not time-barred. For these reasons, dismissal on this ground should also be denied.

*Mootness*

A case is moot when the party seeking relief "lack[s] a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Indeed, as Defendant Benjamin correctly argues, the Sixth Circuit has held that a prisoner's claims for declaratory and injunctive relief against certain prison officials become moot once a prisoner is transferred from the offending prison facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Berryman v.*

8

*Granholm*, 343 F. App'x 1, 4-5 (6th Cir. 2009). As noted, Plaintiff was transferred to Madison Correctional Institution in September 2019. (Doc. 3). However, a review of Plaintiff's prayer for relief reveals that none of his demands are affected by his transfer. Specifically, Plaintiff asks for: (1) a declaratory judgment whereby the Court declares that Defendants violated his constitutional rights; (2) an injunction requiring Defendants (and other ACI staff) be properly trained in use of force techniques; (3) monetary damages; and (4) attorney's fees. (Doc. 1, at 4-5). Even so, the undersigned finds two of these demands unavailable to Plaintiff, but for other reasons. First, as explained in greater detail below, Plaintiff is unable to sue Defendant Benjamin in his official capacity, thus the injunctive relief he seeks requiring he and other ACI staff be trained in use of force, is moot. Second, to his attorney fee demand, the Court may not grant such a request because Plaintiff does not have an attorney. *Kay v. Ehrler*, 499 U.S. 432, 435-36 (1991) (holding that *pro se* litigants are not entitled to attorney's fees under 42 U.S.C. § 1988, whether or not the litigant is a lawyer).

As such, the undersigned finds two of Plaintiff's demands are moot, though not due to a transfer. Because two demands survive, the undersigned cannot recommend the Complaint be dismissed on mootness grounds.

*Immunity*

Finally, Defendant Benjamin argues he is entitled to both qualified and absolute immunity. For the reasons discussed below, the undersigned finds that, under the Eleventh Amendment, Defendant Benjamin enjoys absolute immunity against any claims brought against him in his official capacity. However, Plaintiff has pled sufficient facts to show he is not entitled to qualified immunity.

First, to the absolute immunity claim, Defendant Benjamin argues any claims brought against him in his official capacity are barred by the Eleventh Amendment. (Doc. 10, at 10-11).

9

The undersigned agrees. The Eleventh Amendment states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State." U.S. Const. Amend. XI. It is not applicable in two circumstances: "1) where a state has itself waived its immunity from federal suit; and 2) where Congress has abrogated the states' immunity." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). Ohio has not waived immunity here, and Congress did not abrogate immunity when it passed 42 U.S.C. § 1983, the section under which this case brought. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, in Ohio, the Eleventh Amendment precludes claims against the state and its departments. *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995). Importantly, a suit against a state official in his official capacity is no different than a suit against a state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, Plaintiff specifically states that Defendants "are sued in their individual capacities for damages" and "are sued in their official capacities for injunctive relief". (Doc. 1, at 2). Thus, the Eleventh Amendment does not bar Plaintiff from suing Defendant Benjamin in his individual capacity but does, however, bar him from suing Defendant Benjamin in his official capacity.

Further, the undersigned finds that, contrary to Defendant Benjamin's assertion, Plaintiff has pled sufficient facts to overcome a qualified immunity defense at this stage. "Qualified immunity shields government officials from civil liability in the performance of discretionary functions so long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Fettes v. Hendershot*, 375 F. App'x 528, 531 (6th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those

who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 341 (1986)). "[A]t the pleading stage, the court must determine only whether the complaint 'adequately alleges the commission of acts that violated clearly established law.'" *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Here, the Complaint does just that – it contains sufficient factual allegations which, taken in the light most favorable to Plaintiff, show it is plausible Defendant Benjamin violated his Eighth and Fourteenth Amendment rights. Specifically, Plaintiff alleged Defendant Benjamin assaulted him and denied him access to medical care. *See* Doc. 1, at 2-4.

For these reasons, the undersigned recommends Plaintiff's claims against Defendant Benjamin in his official capacity be dismissed because they are barred by the Eleventh Amendment. As such, Plaintiff's request for injunctive relief, which he tied to this claim, is moot. (Doc. 1, at 2) ("They are sued . . . in their official capacities for injunctive relief."); *see also id*., at 4 (demand for a "preliminary and permanent injunction . . . instructing prison officials in the proper training for use of force[.]") (capitalization altered). Further, the undersigned finds Plaintiff pled sufficient facts to show Defendant is not entitled to dismissal at this juncture on the grounds of qualified immunity.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Motion to Dismiss (Doc. 10) be GRANTED in part and DENIED in part. Defendant's Motion to Strike (Doc. 15) is DENIED, and Plaintiff's Supplement to Complaint (Doc. 14), is construed as a motion for leave to file an amended complaint and is hereby DENIED. Further, the undersigned

recommends the Court dismiss the Complaint against Defendant Dunlap without prejudice to refiling pursuant to Federal Civil Rule 4(m).

s/ James R. Knepp II<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).